UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| L.C. Brown, Jr., | ) C/A No. 4:12-1109-MBS-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
|  | ) RECOMMENDATION |
| Sylvia Jones, in her individual capacity, | ) |
| Defendant. | ) |

The plaintiff, L.C. Brown, Jr. ("Plaintiff"), is a state prisoner who is proceeding *pro se* and *in forma pauperis*.[1] Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 claiming the defendant, a prison mailroom employee, violated his constitutional rights by searching and seizing his mail. Having reviewed the complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); and the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996). Review under Title 28 U.S.C. § 1915A(a) requires an initial screening of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The complaint has also been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the

---

[1] Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter is before the undersigned United States Magistrate Judge for review.

case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). These same standards apply to screening prisoner cases pursuant to § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## BACKGROUND

Plaintiff files this § 1983 action against a prison mailroom staff member, claiming the defendant opened and "seized" his "legal mail from the Center for Constitutional Rights," in

---

[2] Screening pursuant to § 1915A is subject to this same standard.

violation of his First, Fourth, and Fourteenth Amendment rights. ECF No. 1 at 3. Plaintiff alleges that the defendant illegally searched and seized his mail by opening it outside of his presence and then "sending Plaintiff's legal/privileged mail to higher official for review." *Id*. Plaintiff states that he exhausted administrative remedies, but the complaint indicates he filed a grievance on March 21, 2012, only thirty-one days prior to signing his complaint on April, 21, 2012. ECF No. 1 at 2. Plaintiff seeks both injunctive and monetary relief.

## DISCUSSION

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. Exhaustion of Administrative Remedies

The complaint raises issues concerning conditions of Plaintiff's confinement, and is therefore subject to the Prison Litigation Reform Act, which requires that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the lack of exhaustion of administrative

3

remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir.2005). Plaintiff alleges the defendant "seized" his mail on March 20, 2012, and he filed a grievance the following day, on March 21, 2012, but a final agency decision had not been received as of the time the complaint was completed. The complaint is dated April 21, 2012, only thirty-one (31) days after the grievance was filed. It appears Plaintiff did not wait a sufficient time to allow for a response to his grievance. *See Drakeford v. Thompson*, C/A No. 2:09-2239-RBH, 2010 WL 4884897, at *2 (D.S.C. November 24, 2010) (SCDC prisoner grievance policy allows forty days for the Warden to respond to a step one grievance, as well as several days for the administrative processing of the grievance.). Further, if Plaintiff doesn't agree with the result of the step one grievance, he must appeal that decision in a step two grievance to exhaust the administrative remedies available through the prison grievance policy. *Id.* Plaintiff filed his § 1983 complaint prematurely, and the case should be dismissed for failure to exhaust administrative remedies.

### RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the notice on the following page.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 5, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).