IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| L. C. Brown, Jr.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Sylvia Jones, in her individual capacity,<br><br>　　　　　　　Defendant.<br>_____ | Civil Action No. 4:12-1109-MGL<br><br>**ORDER AND OPINION** |

L. C. Brown, Jr. ("Plaintiff"), a state prisoner with the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983 on April 27, 2012, alleging that Defendant violated his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina, this action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the pro se complaint pursuant to the provisions set forth in 28 U.S.C. §§ 1915A, 1915, and the Prison Litigation Reform Act of 1996. On July 5, 2012, Magistrate Judge Rogers issued a Report and Recommendation recommending that the complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 15.) The Report and Recommendation was mailed to Plaintiff on July 5, 2012, and on July 12, 2012, Plaintiff filed his Objections to the Report and Recommendation ("Objections"). (ECF No. 20).

## Background

Plaintiff is an inmate housed at the Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. Plaintiff alleges that his constitutional rights were violated on or about March 20, 2012, when Defendant Sylvia Jones, a prison mailroom staff member,

"committed [an] illegal search and seizure of Plaintiff's legal/privileged mail" from the Center for Constitutional Rights, in violation of his First, Fourth and Fourteenth Amendment rights." (ECF No. 1 at 3.) Plaintiff further alleges that on March 21, 2012, his legal/privileged mail was sent to a higher official for review. *Id*. Plaintiff also states that Defendant admitted that "she 'opened' Plaintiff's legal /privileged mail outside of his presence in writing." *Id*. Plaintiff indicates that he filed a grievance concerning these matters on March 21, 2012, only thirty-one days prior to signing his complaint. (ECF No. 1 at 2.) He further acknowledges that he had not received a final agency decision concerning this matter as of the date this complaint was filed. *Id.* Plaintiff appears to indicate that he also made a complaint by way of a "staff request" and received some form of an answer. *Id.*

## Discussion

On July 5, 2012, Magistrate Judge Rogers issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process as Plaintiff has failed to exhaust administrative remedies. (ECF No. 15 at 3-4.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). After conducting a *de novo* review of Plaintiff's objections, and

considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that this matter should be dismissed without prejudice and without service of process for failure to exhaust administrative remedies.

The court will briefly consider Plaintiff's objections. Plaintiff has specifically objected to the portion of the Report and Recommendation which states that he failed to exhaust his administrative remedies by not waiting a sufficient time to allow for a response to his grievance. (ECF No. 20 at 2-4). Plaintiff appears to cite to the South Carolina Department of Corrections Manual for Operations, Inmate Disciplinary System, No. OP-22.14 for the proposition that the Warden was required to respond to his grievance within 30 days and that he therefore waited the appropriate time (31 days) before filing suit in district court. This policy referenced by Plaintiff, however, apparently applies to the resolution of inmate disciplinary problems and related challenges to a disciplinary hearing officer's decisions and those grievance procedures have no bearing here on this issue of exhaustion of administrative remedies. Thus, this objection is without merit.

Based on the face of the complaint, Plaintiff had not received a final agency answer or determination concerning this matter before filing his complaint. (ECF No. 1 at 2.) Plaintiff, however, must exhaust the remedies available to him through the prison grievance policy as noted by the Magistrate Judge. *See Drakeford v. Thompson*, C/A No. 2:09-2239-RBH, 2010 WL 4884897, at *2 (D.S.C. Nov. 24, 2010). Plaintiff must exhaust the remedies available to him *prior* to filing his lawsuit. Even if Plaintiff may have now exhausted those remedies, his failure to do so prior to filing this lawsuit requires dismissal of this case. *See Cofield v. Bowser,* 247 Fed. Appx. 413, 2007 WL 2710423 (4th Cir. Sept. 14, 2007) (considering a Section 1983's plaintiff's claims and noting that the PLRA

requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement); *Avinger v. Scott*, 2011 WL 5909941, No. 9:10-2690, *3 (D.S.C. Nov. 28, 2011) (citing *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir.2005) (holding that prisoner may not file a lawsuit before he exhausts his administrative remedies, even if he exhausts those remedies while the suit is pending)).

## Conclusion

After a careful review of the record, the applicable law, and the Report and Recommendation and Objections, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference. This action is DISMISSED WITHOUT PREJUDICE and without service of process in accordance with the Report and Recommendation issued in this case. (ECF No. 15.)

It is further ordered that Plaintiff's motion for a temporary injunction hearing (ECF No. 25) be denied as it is moot in light of this order.

IT IS SO ORDERED.

                                              s/Mary G. Lewis
                                              United States District Judge

November 16, 2012
Spartanburg, South Carolina